# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| MICHAEL T. MAYO, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00609 (PTG/LRV) |
| | ) |
| COUNTY OF PRINCE GEORGE | ) |
| VIRGINIA, ET AL., | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM ORDER

This matter comes before the Court on Defendants' motions to dismiss Plaintiff's Complaint (Dkt. 1). Dkts. 3, 7, 11, 21. The Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against eight defendants, including the County of Prince George Virginia, Prince George County Virginia Police Department, Commonwealth Virginia Department of Forensic Science, Randy Dalton, Kelly Borsch, Tony Moegling, William Early, and Kevin Rizy. Each defendant has moved to dismiss the action against them. Dkts. 3, 7, 11, 21. Because Plaintiff is proceeding *pro se*, Defendants advised Plaintiff that the motions to dismiss could be granted on the papers if Plaintiff failed to file a response within twenty-one (21) days of their filing. *See* Local Rule 7(k) of the Eastern District of Virginia; *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). To date, Plaintiff has not filed a response to any motion although the deadlines to respond have all passed. Having reviewed the Defendants' motions and finding good cause, the Court grants Defendants' motions.

### Background

On May 8, 2023, Plaintiff, proceeding *pro se*, sued each of the named defendants pursuant to 42 U.S.C. § 1983, alleging violations of the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Dkt. 1. In his Complaint, Plaintiff

1

alleges: (1) he was "unlawfully and wrongfully [seized] … without probable cause, causing him unlawful detention and incarceration on serious charges [Defendants] knew or should have known were false;" (2) Defendants conspired to submit false information leading to his arrest; and (3) Defendants failed "to timely disclose 'Brady' material" to his defense counsel and concealed discoverable information. *Id.* at 2. Plaintiff seeks (1) a declaratory judgment that the alleged acts violated his due process rights; (2) an award of $5 million in compensatory damages and $5 million in punitive damages from each Defendant; (3) an award of reasonable costs and expenses, including attorney's fees; and (4) "all other relief that is just and proper." *Id.* at 5.

On June 7, 2023, the Commonwealth of Virginia Department of Forensic Science moved to dismiss the Complaint for (1) lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. 3) and (2) failure to state a claim pursuant to Rule 12(b)(6) (Dkt. 7). On June 7, 2023, Defendant Kevin Rizy moved to dismiss the Complaint for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Dkt. 11. On June 8, 2023, Defendants County of Prince George Virginia, Prince George County Virginia Police Department, Randy Dalton, Kelly Borsch, Tony Moegling and William Early (hereinafter, the "County and Individual Defendants") also moved to dismiss for insufficient service of process. Dkt. 21. As stated, Plaintiff did not file any response to the motions.

I.  **Motion to Dismiss for Insufficient Service**

As stated, the County and Individual Defendants as well as Defendant Rizy moved to dismiss because they were never properly served. Dkts. 11, 21. A motion to dismiss under Rule 12(b)(5) allows dismissal for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Once a defendant seeks dismissal pursuant to Rule 12(b)(5), the burden then shifts to the plaintiff to establish "the validity of service pursuant to Rule 4." *Chandler v. Maynard*, 2023 WL 3234318,

2

at *2 (E.D. Va. May 3, 2023) (quoting *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)).

Although there was a summons issued as to the County and Individual Defendants, Plaintiff indicated that individual defendants Kelly Borsch, Tony Moegling, William Early, and Randy Dalton be served, by mail, at the address of their employer—the Prince George County Virginia Police Department. *See* Dkt. 2 at 9–16. Similarly, Plaintiff indicated Defendant Rizy be served, by mail, at the address of his former employer—the Commonwealth of Virginia Department of Forensic Science. *Id.* at 3, 7; *see also* Dkt. 12 at 2. These errors constitute improper service of those individual defendants—who are all being sued in their personal capacity. *See, e.g.*, *Luciano v. Virginia Dep't of Motor Vehicles*, 2018 WL 5316013, at *2 (W.D. Va. Oct. 26, 2018) ("Under Virginia law, a party may serve individuals in the Commonwealth of Virginia by personal service or substituted service at the defendant's usual place of abode") (citations omitted); *see also* Va. Code Ann. § 8.01–296. Even further, in Virginia, certified mail is not an option for service of process. *Luciano*, 2018 WL 5316013, at *2; *see also* Fed. R. Civ. P. 4(e)(1). Accordingly, Plaintiff's Complaint against Kevin Rizy, Kelly Borsch, Tony Moegling, William Early, and Randy Dalton is dismissed for insufficient service of process.

Additionally, the Court finds that Plaintiff's attempted service on the Prince George County Virginia Police Department and the County of Prince George Virginia is also insufficient. Per Federal Rule of Civil Procedure 4(j), to serve a local government, a party may do so by delivering the summons and complaint to its chief executive officer or by doing so as prescribed by state law. Fed. R. Civ. P. 4(j). Virginia law denotes process can be effected on a county by serving the County Attorney. Va. Code Ann. § 8.01-300(2). In this case, Plaintiff neither served the county's chief executive officer nor the County Attorney. Dkt. 22 at 2; *see also* Dkt. 2. Accordingly,

3

Plaintiff's attempt to serve the Prince George County Virginia Police Department and the County of Prince George Virginia at the agencies' addresses rather than as prescribed by state law is insufficient. Thus, Plaintiff's Complaint against Prince George County Virginia Police Department and the County of Prince George Virginia is dismissed for insufficient service of process.

## II.   Motions to Dismiss for Lack of Jurisdiction and Failure to State a Claim

Finally, the Court turns to the Commonwealth of Virginia Department of Forensic Sciences' motions to dismiss. The Department seeks to dismiss Plaintiff's Complaint (1) for lack of jurisdiction pursuant to Rule 12(b)(1) (Dkt. 3) and (2) for failure to state a claim pursuant to Rule 12(b)(6) (Dkt. 7).

In support of its Motion, Defendant asserts that because it is an agency of the state, Plaintiff's suit is barred by sovereign immunity. Dkt. 4. More specifically, Defendant avers that because no exceptions to the Eleventh Amendment's immunity applies here, and the Department has not consented to suit in this case, the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Id.* at 2.

Defendant is correct. The Eleventh Amendment provides immunity for states, shielding them from being "hauled into federal court by private parties." *Wright v. North Carolina*, 787 F.3d 256, 261 (4th Cir. 2015) (citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002)). There are three exceptions to this rule: (1) congressional abrogation of immunity, (2) state waiver, and (3) actions seeking prospective injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

In this case, this immunity extends to the Department because it is a state agency and none of the aforementioned exceptions apply. First, the Court notes that there is no congressional

4

abrogation of immunity here. *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that Congress has not abrogated immunity for § 1983 suits). There is also no indication of state waiver. Finally, Plaintiff seeks compensatory damages, not prospective injunctive relief. Simply put, the Department is immune from this suit. Accordingly, the Court need not explore any additional grounds for dismissal presented by the Department. Plaintiff's Complaint against the Department will be dismissed.

Dismissal with prejudice is warranted where amendment would be futile in light of the [complaint's] fundamental deficiencies. *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). The Fourth Circuit provides that courts have discretion to determine if further amendment would be futile. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). In this case, for the foregoing reasons, the Court finds Plaintiff cannot cure the jurisdictional issue related to his Complaint against the Department, and further amendment would be futile. Thus, the Court finds that dismissal of the Commonwealth of Virginia Department of Forensic Science is with prejudice.

***

Accordingly, upon consideration of the Defendants' motions to dismiss (Dkts. 3, 7, 11, 21) and the entire record herein, it is hereby

**ORDERED** that Defendant Rizy's Motion to Dismiss for Insufficient Service of Process (Dkt. 11) is **GRANTED**; and it is further

**ORDERED** that the County of Prince George Virginia, Prince George County Virginia Police Department, Randy Dalton, Kelly Borsch, Tony Moegling and William Early's Motion to Dismiss Plaintiff's Complaint (Dkt. 21) is **GRANTED**; and it is further

**ORDERED** that the Commonwealth of Virginia Department of Forensic Science's Motion

to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 3) is **GRANTED** and the Complaint against the Commonwealth of Virginia Department of Forensic Science is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Commonwealth of Virginia Department of Forensic Science's Motion to Dismiss for Failure to State a Claim (Dkt. 7) is **DENIED AS MOOT**.

The Clerk is directed to forward copies of this Order to counsel of record and to the *pro se* Plaintiff at the address provided.

Dated: July 27th, 2023
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge